UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **SELECT PORTFOLIO SERVICING INC., et al.,** } } } | |
| **Appellant,** } } } | **Case No.: 5:23-mc-00662-RDP** |
| **v.** } } } | |
| **LOIS HOLT,** } } } | |
| **Appellee.** } | |

**MEMORANDUM OPINION**

This matter arises out of an action in the United States Bankruptcy Court for the Northern District of Alabama (the "Bankruptcy Court"). Defendant/Appellant Select Portfolio Servicing, Inc., ("SPS") seeks leave to pursue an interlocutory appeal from the bankruptcy court's order denying approval of a compromise and settlement. (Doc. # 1-3).[1] After careful consideration, and for the reasons discussed below, the court exercises its discretionary jurisdiction over this interlocutory appeal.

**I.    Background**

On August 21, 2018, Plaintiff/Appellee Lois Holt filed for bankruptcy (Bankr. Case No. 18-82467) in the Northern District of Alabama pursuant to Chapter 13 of the Bankruptcy Code. (Doc. # 1-3 ¶ 2). On October 30, 2018, SPS (an authorized loan servicer for U.S. Bank) filed a Proof of Claim in that case. (*Id*. ¶ 3). Almost four years later, on September 30, 2022, SPS sent Plaintiff a letter informing her that the loan had matured. (*Id*. ¶ 4). In that letter, SPS plainly stated that it was aware of Plaintiff's bankruptcy proceeding and was not attempting to collect a debt.

---

[1] References to the docket in the present case will be styled (Doc. # ___). References to dockets in other cases will be styled (Bankr. Case No. ___ ECF Doc. # ___).

(*Id*. ¶ 5). On November 4, 2022, Plaintiff filed an Adversary Proceeding alleging the maturity notice violated the automatic stay. (*Id*. ¶ 6) (citing 11 U.S.C. § 362(a)(3)).

Eventually, the parties agreed to resolve the matter through settlement. (*Id*. ¶ 8). According to the terms of the settlement, SPS would (1) pay Plaintiff $3,200; (2) waive the remaining balance owed on Plaintiff's loan ($3,390.01); and (3) record a release/satisfaction of U.S. Bank's lien on Plaintiff's property. (*Id*.). In exchange, Plaintiff agreed to waive any claims against SPS for violating the automatic stay. (*Id*.). Both parties agreed that the settlement reflected a compromise in which neither would concede fault. (*Id*.). On March 3, 2023, the parties filed a Joint Notice of Settlement with the Bankruptcy Court. (*Id*. ¶ 9).

On March 6, 2023, the Bankruptcy Court entered an order vacating all remaining deadlines. (Bankr. Case No. 22-80307 ECF Doc. # 18). That order included the following language: "if the resolution of the Plaintiff(s)' stay violation claims against the Defendant(s) includes the recovery of actual damages, the settlement documents must include a resolution of the issue of whether or not there was a violation of the automatic stay." (*Id*.). On May 5, 2023, the parties filed a joint motion for the approval of their settlement agreement. (Doc. # 1-3 ¶ 12). Neither that joint motion nor a later-filed supplemental submission included an admission of fault or liability because "(1) Defendants disputed Plaintiff's stay violation claim, and (2) the parties agreed to a no fault/no admission settlement." (*Id*. ¶ 15).

On May 9, 2023, the Bankruptcy Court denied the parties' joint motion requesting the approval of their settlement. (Bankr. Case No. 22-80307 ECF Doc. # 23). The court cited § 362(k), which allows for the award of damages only when a party willfully violates a stay, to support its holding that it "may only approve damages as requested in the Joint Motion if a willful stay violation occurred." (*Id*.). In its Order, the court suggested that the Defendants may either admit a

willful violation of the stay or go to trial for a court determination as to whether a willful violation occurred. (*Id.*). On May 24, 2023, SPS filed this Motion for Leave to Pursue Interlocutory Appeal. (Doc. # 1-3).

## II.     Standard of Review

"The district courts of the United States shall have jurisdiction to hear appeals with leave of the court, from interlocutory orders and decrees[,] of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges." 28 U.S.C.A § 158(a)(3). In the Eleventh Circuit, a district court's determination of whether to exercise its discretionary authority to grant leave to bankruptcy litigants to take an interlocutory appeal is guided by 28 U.S.C. § 1292(b), which governs discretionary interlocutory appeals from the district courts to the courts of appeals. *In re Charter Co.*, 778 F.2d 617, 620 n. 5 (11th Cir. 1985). In order to obtain leave to proceed under § 1292(b), a party must demonstrate that: "(1) the order [appealed from] presents a controlling question of law; (2) over which there is a substantial ground for difference of opinion among courts; and (3) the immediate resolution of the issue would materially advance the ultimate termination of the litigation." *Haney*, Case No. 22-mc-00109, 2022 WL 17973225, at *2 (N.D. Ala. May 17, 2022) (citing 28 U.S.C. § 1292(b)).

First, a controlling question of law is one of "pure" law that a reviewing court can decide "quickly and cleanly without having to study the record." *McFarlin v. Conseco Servs.*, LLC, 381 F.3d 1251, 1258 (11th Cir. 2004). Next, to establish a substantial ground for difference of opinion among courts, "a movant must normally demonstrate that at least two courts interpret the relevant legal principle differently." *In re Pacific Forest Prod. Corp.*, 335 B.R. 910, 922 (S.D. Fla. 2005) (citing *In re Auto Dealer Services, Inc.*, 81 B.R. 94, 97 (M.D. Fla. 1987)). Finally, "the resolution of an issue may materially advance the ultimate termination of the litigation [if the] resolution of

a controlling legal question would serve to avoid trial or otherwise shorten the litigation." *McFarlin*, 381 F.3d at 1259.

## III.  Discussion

This court's role in assessing whether to hear an interlocutory appeal from a bankruptcy court is a narrow one. The court first determines the issue for potential review, then applies the three-factor test outlined in § 1292(b) to determine whether that issue is fit for interlocutory appeal.

### A.  The Issue for Potential Review

The issue for potential review presented here is whether the Bankruptcy Court erred by denying the parties' joint motion requesting the approval of their settlement. More specifically, the question is whether the Bankruptcy Court abused its discretion by denying approval of a settlement reached by the parties because the creditor did not admit liability for violating the automatic stay.

### B.  Section 1292(b) Factors

Having identified the question at issue, the court proceeds to analyze whether it would be proper to hear this interlocutory appeal from the Bankruptcy Court under § 1292(b) principles.

#### 1.  Controlling Question of Law

The issue clearly presents a controlling question of law. Determining whether the Bankruptcy Court abused its discretion by denying the parties' joint motion to approve their settlement would require assessing: (1) the legal standard accorded to a bankruptcy court in denying approval of a settlement; and (2) whether the Bankruptcy Court properly rejected the parties' settlement under that standard. These are purely legal issues that will not require any study of the factual record.

### 2. Substantial Ground for Difference of Opinion Among Courts

Here, the Bankruptcy Court interpreted § 362(k) to require an admission of liability on the part of the alleged violator of the automatic stay. (Bankr. Case No. 22-80307 ECF Doc. # 23). As the Bankruptcy Court understood § 362(k), a settlement that does not include an admission of liability on the part of the violator of the automatic stay cannot satisfy the "willful violation" requirement under § 362(k). (*Id*.). Therefore, because SPS did not admit a willful violation of the automatic stay, the Bankruptcy Court felt that it was statutorily barred from approving the parties' settlement. (*Id*.).

SPS has pointed to several cases where bankruptcy courts in this district have interpreted § 362(k) differently. (Doc. # 1-3 at 10 n. 7). In *Sanders v. Select Management Resources*, the court approved a settlement in an automatic stay violation case despite language that the settlement amount was offered "without any admission of liability and for settlement purposes only." (Bankr. Case No. 22-00012 ECF Doc. # 4 at 1). Similarly, in *Melendez v. Marshall Medical Center*, the court approved a settlement in an automatic stay violation case despite the defendant denying "all wrongdoing as alleged in the Adversary Complaint." (Bankr. Case No. 21-40010 ECF Docs # 11 at 2, 18). Because several courts have interpreted § 362(k) differently, there is obviously substantial grounds for a difference of opinion among courts.

### 3. Material Advancement of the Litigation

Finally, resolution of the question at issue would clearly aid in advancing the ultimate termination of the litigation. If this court determined that the settlement is allowed in its current form under § 362(k), the Bankruptcy Court would approve it and the adversary proceeding would be terminated. On the other hand, if this court found that SPS must admit a willful violation of the automatic stay in order for approval of this settlement, SPS would have the information necessary

to decide whether to amend its settlement offer or proceed to trial. Therefore, a resolution of this issue would materially advance the litigation of the adversary proceeding.

**IV.     Conclusion**

Because each of the § 1292(b) factors support granting SPS leave to appeal the Bankruptcy Court's interlocutory order, the court exercises its jurisdiction to hear this interlocutory appeal from the Bankruptcy Court of this district, as outlined in § 158(a)(3). An order consistent with this memorandum opinion will be entered separately.

**DONE** and **ORDERED** this June 9, 2023.

_/s/ R. David Proctor_
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE