FILED

2023 Aug-15  PM 03:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| SELECT PORTFOLIO SERVICING INC., et al., | } } } | |
| Appellants, | } } | |
| v. | } } | Case No.:  5:23-cv-00662-RDP |
| LOIS HOLT, | } } | |
| Appellee. | } } | |

## MEMORANDUM OPINION

This matter is before the court on an appeal from the United States Bankruptcy Court for the Northern District of Alabama (the "Bankruptcy Court"). Defendant/Appellant Select Portfolio Servicing, Inc., ("SPS") sought leave to pursue an interlocutory appeal from the bankruptcy court's Order denying approval of a compromise and settlement. (Doc. # 1-3).[1] On June 9, 2023, the court entered an order exercising its discretionary jurisdiction over this interlocutory appeal. (Doc. # 3). After careful review, and for the reasons below, the court concludes that the Order denying approval of the parties' compromise and settlement is due to be vacated, and this matter is due to be remanded to the Bankruptcy Court for further proceedings consistent with this memorandum opinion.

## I.   Background

On August 21, 2018, Plaintiff/Appellee Lois Holt filed for bankruptcy protection in the Northern District of Alabama pursuant to Chapter 13 of the Bankruptcy Code. (Doc. # 1-3 ¶ 2). On October 30, 2018, SPS (an authorized loan servicer for U.S. Bank) filed a Proof of Claim in

---

[1] References to the docket in the present case will be styled "(Doc. # ___)." References to the docket in the underlying Bankruptcy Adversary Proceeding will be styled "(Bankr. Case No. 22-80307, Doc. # ___)."

that case. (*Id*. ¶ 3). Almost four years later, on September 30, 2022, SPS sent Plaintiff a letter informing her that the loan had matured. (*Id*. ¶ 4). In that letter, SPS plainly stated that it was aware of Plaintiff's bankruptcy proceeding and was not attempting to collect a debt. (*Id*. ¶ 5). On November 4, 2022, Plaintiff filed an Adversary Proceeding alleging the maturity notice violated the automatic stay. (Bankr. Case No. 22-80307, Doc. # 1); (Doc. # 1-3 ¶ 6) (citing 11 U.S.C. § 362(a)(3)).

Eventually, the parties agreed to resolve the matter through a negotiated settlement. (Doc. # 1-3 ¶ 8). According to the settlement's terms, SPS would (1) pay Plaintiff $3,200; (2) waive the remaining balance owed on Plaintiff's loan ($3,390.01); and (3) record a release/satisfaction of U.S. Bank's lien on Plaintiff's property. (*Id*.). In exchange, Plaintiff agreed to waive any claims against SPS for violating the automatic stay. (*Id*.). Both parties agreed that the settlement reflected a compromise in which neither would admit fault. (*Id*.). On March 3, 2023, the parties filed a Joint Notice of Settlement with the Bankruptcy Court. (*Id*. ¶ 9).

On March 6, 2023, the Bankruptcy Court entered an order vacating all remaining deadlines. (Bankr. Case No. 22-80307, Doc. # 18). That order included the following language: "if the resolution of the Plaintiff(s)' stay violation claims against the Defendant(s) includes the recovery of actual damages, the settlement documents must include a resolution of the issue of whether or not there was a violation of the automatic stay." (*Id*.). On May 5, 2023, the parties filed a joint motion for the approval of their settlement agreement. (Doc. # 1-3 ¶ 12). Neither that joint motion nor a later-filed supplemental submission included an admission of fault or liability because "(1) Defendants disputed Plaintiff's stay violation claim, and (2) the parties agreed to a no fault/no admission settlement." (*Id*. ¶ 15).

On May 9, 2023, the Bankruptcy Court denied the parties' joint motion requesting approval of their settlement. (Doc. # 5-3 at 15-16). The Bankruptcy Court cited § 362(k), which allows for the award of damages only when a party willfully violates a stay, to support its holding that it "may only approve damages as requested in the Joint Motion if a willful stay violation occurred." (*Id*.). In its Order, the court advised that the Defendants may either admit a willful violation of the stay or go to trial for a court determination as to whether a willful violation occurred. (*Id*. at 16). On May 24, 2023, SPS filed its Motion for Leave to Pursue Interlocutory Appeal, which this court granted.  (Doc. # 1-3; Doc. # 3).

## II.     Standard of Review

District courts have "jurisdiction to hear appeals from final judgments, orders, and decrees ... of bankruptcy judges." *In re Charter Co*., 778 F.2d 617, 621 (11th Cir. 1985) (quoting 28 U.S.C. § 158(a)). As this court noted in its previous order, district courts in certain circumstances may hear interlocutory appeals. (Doc. # 3). Whether on an appeal from a judgment of the bankruptcy court, or an interlocutory appeal, "a district court functions as an appellate court. It reviews the bankruptcy court's legal conclusions de novo, but must accept the bankruptcy court's factual findings unless they are clearly erroneous." *In re JLJ Inc*., 988 F.2d 1112, 1116 (11th Cir. 1993); *see also In re Gaddy*, 851 F. App'x 996, 999 (11th Cir. 2021).

"De novo review requires the court to make a judgment independent of the bankruptcy court[], without deference to that court's analysis and conclusions." *In re Piper Aircraft Corp*., 244 F.3d 1289, 1295 (11th Cir. 2001). A "bankruptcy court's findings of fact are not clearly erroneous unless, in light of all the evidence, we are left with the definite and firm conviction that a mistake has been made." *In re Int'l Pharm. & Disc. II, Inc*., 443 F.3d 767, 770 (11th Cir. 2005); *see also In re Gaddy*, 851 F. App'x at 999 ("A factual finding is not clearly erroneous

unless, after reviewing all of the evidence, we are left with a definite and firm conviction that a mistake has been committed.").

Finally, this court "review[s] the bankruptcy court's approval of a settlement agreement under an abuse of discretion standard." *In re Chira*, 567 F.3d 1307, 1311 (11th Cir. 2009). This standard of review is "extremely limited" and "highly deferential." *Aldana v. Del Monte Fresh Produce N.A. Inc*., 578 F.3d 1283, 1288 (11th Cir. 2009). Having said that, a bankruptcy court abuses its discretion when it either misapplies the law or bases its decision on factual findings that are clearly erroneous. *In re Gaddy*, 851 F. App'x at 999.

## III.    Discussion

As a general matter, "[t]he law strongly favors settlement of litigation, and there is a compelling public interest and policy in upholding and enforcing settlement agreements voluntarily entered into." *Hemstreet v. Spiegel, Inc*., 851 F.2d 348, 350 (Fed. Cir. 1988) (citing *Bergh v. Department of Transp*., 794 F.2d 1575, 1577 (Fed. Cir.), *cert. denied*, 479 U.S. 950 (1986)). This holds true in the bankruptcy context, too. *In re Gaddy*, 622 B.R. 440, 464 (Bankr. S.D. Ala. 2020), *aff'd sub nom. SE Prop. Holdings, LLC v. Gaddy Elec. & Plumbing, LLC*, 2020 WL 5759133 (S.D. Ala. Aug. 20, 2020), *aff'd sub nom. In re Gaddy*, 851 F. App'x 996 (11th Cir. 2021) (noting settlements are favored in bankruptcy).

But, in the bankruptcy context, settlements must be approved by the court. *See* Fed. R. Bankr. P. 9019(a) ("[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."). Upon such review, however, a bankruptcy court is not obligated to actually rule on the merits of the various claims; rather, it must rule on the *probability* of a party succeeding on those claims. *In re Gaddy*, 622 B.R. at 464 (quoting *In re*

*Van Diepen, P.A.*, 236 F. App'x 498, 503 (11th Cir. 2007) (in turn quoting *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir. 1990))).

A.    **Section 362(k)**

In its two-page Order, the Bankruptcy Court denied approval of the proposed settlement because § 362(k) "plainly states that an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees." (Doc. # 5-3 at 15-16) (citing 11 U.S.C. § 362(k) (quotations omitted)). The Bankruptcy Court viewed the proposed settlement, which did not include an admission of a willful violation, as an "attempt to circumvent the statute which [was] the sole basis of th[e] Adversary Proceeding by seeking Court approval for damages under § 362(k) without any finding or admission of a willful stay violation." (*Id.*). So, the Bankruptcy Court concluded that there could be no "determination of the reasonableness of a damage settlement pursuant to § 362(k) if there are no damages available because no willful stay violation exists." (*Id.*).

"Principles governing general contract law apply to interpret settlement agreements." *In re Chira,* 567 F.3d 1307, 1311 (11th Cir. 2009) (quoting *Resnick v. Uccello Immobilien GMBH, Inc.*, 227 F.3d 1347, 1350 (11th Cir.2000)). And, "[t]he '"interpretation of private contracts is ordinarily a question of state law."'" *In re Chira*, 567 F.3d at 1311 (quoting *Chem. Bank v. First Trust of N.Y. (In re Se. Banking Corp.)*, 156 F.3d 1114, 1121 (11th Cir.1998) (in turn quoting *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 60 n. 4 (1995))). Therefore, treating a settlement as an agreed upon resolution, and settlement proceeds as a party's consideration for release of a claim, is legally correct and makes sense as a matter of policy.

This legal reality leads to a conclusion that is as tautological as it is true. Settlement proceeds are not "damages,"  nor are they "awarded" or "recovered," as are actual damages;

rather, settlement proceeds are provided as consideration for the release of any potentially viable claim. *See* 11 U.S.C. § 362(k); *compare Credit Nation Servs., LLC v. Nettles*, 489 B.R. 239, 247 (N.D. Ala. 2013) ("actual damages are real, substantial and just damages, or the amount awarded to a complainant in compensation for his actual and real loss or injury") (cleaned up) *with Cogent Sols. Grp., LLC v. Hyalogic, LLC*, 712 F.3d 305, 309 (6th Cir. 2013) ("[a] settlement agreement is a type of contract and is governed by reference to state substantive law governing contracts generally."); *see In re Crouser*, 476 B.R. 340, 341 (Bankr. S.D. Ga. 2012), *aff'd*, 567 F. App'x 902 (11th Cir. 2014) (discussing "settlement proceeds" as distinct from "actual damages" under 11 U.S.C. § 362(k)(1)); *In re Price*, 2006 WL 2038679, at *1 (Bankr. M.D. Ala. July 17, 2006) (discussing "settlement proceeds" as distinct from "damages from the civil action"); *In re Chauncey*, 308 B.R. 97, 108 (Bankr. S.D. Fla. 2004), *aff'd*, 2005 WL 2456223 (S.D. Fla. Mar. 31, 2005), *aff'd in part, rev'd in part on other grounds*, 454 F.3d 1292 (11th Cir. 2006) (discussing an "award of damages" as distinct from "Settlement Proceeds."). Damages are found by a trier of fact and awarded by a court of law – after a trial or hearing where a claim is put in contest.  In contrast, settlement proceeds are agreed to by parties as part of resolution of a claim (and the claim does not go to trial or hearing). In contrast, settlement proceeds are an amount agreed to by the parties in exchange for a release in order to avoid the uncertainties of litigation.

In this sense, the approval or denial of a settlement agreement is not governed by § 362(k), except, of course, to the extent that statutory provisions may overlap with the application of the *Justice Oaks* factors (which are discussed below). The Bankruptcy Court misapplied the law by characterizing the agreed-to settlement proceeds as "actual damages" and relying on § 362(k) to deny approval of the proposed settlement. Doing so was an abuse of discretion and constitutes reversible legal error.

## B.   The *Justice Oaks* Factors

As the Bankruptcy Court rejected the settlement because the creditor did not admit fault,

the court did not otherwise evaluate whether the settlement was fair, adequate, and reasonable.

In this circuit, a bankruptcy court evaluating whether or not to approve a proposed settlement

must consider:

> (a) The probability of success in the litigation; (b) the difficulties, if any, to be
> encountered in the matter of collection; (c) the complexity of the litigation
> involved, and the expense, inconvenience and delay necessarily attending it; (d)
> the paramount interest of the creditors and a proper deference to their reasonable
> views in the premises.

*In re Justice Oaks II,* 898 F.2d at 1549. These four factors are known collectively as the *Justice*

*Oaks* factors. *Id.* at 1313. "Courts consider these factors to determine 'the fairness,

reasonableness and adequacy of a proposed settlement agreement.'" *Id.* at 1312-13 (quoting

*Martin v. Kane (In re A & C Prop.)*, 784 F.2d 1377, 1381 (9th Cir.1986)).  This action is due to

be remanded to the Bankruptcy Court to apply the *Justice Oaks* factors in determining whether to

approve the proposed settlement.

## IV.   Conclusion

For the reasons discussed above, the Bankruptcy Court's Order Denying Joint Motion to

Approve the Parties' Compromise and Settlement is due to be vacated and this case remanded to

the Bankruptcy Court to consider the proposed settlement in light of the *Justice Oaks* factors.[2] A

separate order in accordance with this memorandum opinion will be entered.

---

[2] The court notes in issuing this opinion that it has been called upon to rule on the question presented in this
appeal. Nevertheless, this court holds the Bankruptcy Court for the Northern District of Alabama, generally, and
Judge Clifton R. Jessup, in particular, in exceedingly high regard. Moreover, all counsel in this appeal have
expressed their genuine respect and admiration for Judge Jessup as a jurist of the highest capability and integrity.

8

**DONE** and **ORDERED** this August 15, 2023.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE